**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MANUEL MONTEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-805-XR |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER

On this date, the Court considered the Magistrate Judge's Memorandum and Recommendation (Docket No. 26), and Petitioner's objections thereto (Docket No. 32), concerning Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation and DENIES Petitioner's application for a writ of habeas corpus.

### Background and Procedural History

Petitioner Manuel Montez was charged with one count of aggravated robbery of an elderly person before the 227th Judicial District Court of Bexar County, Texas.  *See Montez v. State*, No. 04-06-443-CR, 2007 WL 2608528, at *1 (Tex. App.—San Antonio Sept. 12, 2007, pet. ref'd) (recounting factual and procedural background of events).  Montez pled not guilty, and was tried before a jury.  *Id*.  During the jury deliberations, it appeared that the jury would not be able to reach a unanimous verdict.  *Id*.  The trial judge issued the jury an *Allen* charge.  *Id*.  While the jury continued its deliberations, the State offered to reduce Montez's punishment to ten years deferred

adjudication if he would change his plea to guilty. *Id*. Montez accepted this offer, but unfortunately for him, while he was in the process of signing the plea bargain documents, the jury reached a verdict. *Id*. At this point, the State withdrew its plea offer, and on June 2, 2006, the jury found Montez guilty of aggravated robbery of an elderly person. *Id*. On June 5, 2006, Montez was assessed a punishment of thirty years imprisonment in the custody of the Texas Department of Criminal Justice and a $10,000 fine. *Id*.

On direct appeal to the Texas Fourth Court of Appeals, Montez raised the following issues: (1) the evidence was factually insufficient to support his conviction, (2) the trial court erred in forcing the jury to continue deliberating despite it being deadlocked, and (3) the trial court erred in failing to enforce the plea bargain. *Montez*, 2007 WL 2608528 at *1. On September 12, 2007, Montez's conviction was affirmed by the Texas Fourth Court of Appeals. The Texas Court of Criminal Appeals refused Montez's petition for discretionary review on December 12, 2007.

Approximately one year later, on December 10, 2008, Montez filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. Montez raised the following arguments in support of relief: (1) there was insufficient evidence to support his conviction, (2) he was denied his right of confrontation, (3) the court gave an erroneous jury charge, (4) trial counsel was ineffective, and (5) he was denied due process during plea bargaining. The state habeas court determined that all of Petitioner's claims, other than his ineffective counsel claim, either were or could have been raised on appeal. Therefore, Montez was precluded from raising those claims in a state habeas petition. The state habeas court ultimately found that Petitioner failed to meet the ineffective counsel standard established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and therefore denied his state habeas petition. Based upon the findings

2

of the trial court, the Texas Court of Criminal Appeals denied Montez's state habeas application on August 19, 2009, without a written order. *In re Montez*, No. WR-72, 402-01 (Tex. Crim. App. Aug. 19, 2009).

Petitioner initiated proceedings in this Court, filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on September 8, 2009, the day it was placed in the prison mailing system for filing.[1]  On March 23, 2010, Respondent filed his Response and brief in support.[2]  Petitioner replied to Respondent's Answer.[3]  Magistrate Judge John W. Primomo issued a Memorandum and Recommendation on May 4, 2010,[4] and Petitioner objected timely in accordance with a Court order granting him an extension of time to file objections.[5]

## Magistrate Judge's Memorandum and Recommendation

The Magistrate Judge recommended that Montez's petition for a writ of habeas corpus be denied.  In his federal habeas petition, Petitioner alleged: (1) no evidence supported his conviction, (2) he was denied the right to cross-examine witness Manuel Rivera, (3) the trial court gave an erroneous jury charge, (4) his attorney rendered ineffective assistance, and (5) he was denied due

---

[1] Pet.'r's Pet. for a Writ of Habeas Corpus, filed Sept. 8, 2009 (Docket No. 1); *Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing")).

[2] Resp't's Original Answer & Br. in Supp., Mar. 23, 2010 (Docket No. 21).

[3] Pet'r's Objection to Resp't's Answer, Apr. 27, 2010 (Docket No. 25).

[4] Mem. & Recommendation, May 4, 2010 (Docket No. 26).

[5] Pet'r's Objection, Jul. 7, 2010 (Docket No. 32).

process during plea bargaining.[6]

## A.  Montez's claims for insufficiency of evidence, denial of cross-examination, and erroneous jury charge

The Magistrate Judge found that Montez was procedurally barred from raising his claim that the evidence was insufficient to support his conviction because Montez failed to exhaust all available state court remedies before raising this claim in a habeas petition.[7]  When Montez appealed his conviction in state court, he only challenged the factual sufficiency of the evidence supporting his conviction.[8]  In federal habeas review, the courts examine the legal sufficiency of the evidence, not the factual sufficiency.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Therefore, the Magistrate Judge concluded that Montez failed to present his legal sufficiency claim to the highest state court.[9]  The Magistrate Judge also found that Montez did not overcome the procedural bar because he was unable to show cause and actual prejudice.[10]

Similarly, the Magistrate Judge found that Montez was procedurally barred from bringing his cross-examination and erroneous jury charge claims because these claims were only raised in the Petitioner's state habeas petition.[11]  The state habeas court determined that these claims were or could have been raised on direct appeal, and therefore the Magistrate Judge found that Montez was

---

[6]Mem. & Recommendation at 1.

[7]*Id.* at 8.

[8]*Id.* at 5.

[9]*Id.* at 6.

[10]*Id.* at 8.

[11]*Id.* at 9–10.

procedurally barred from raising them in a federal habeas claim.[12]

**B.  Montez's claim for ineffective assistance of counsel claim**

The Petitioner's allegations against his trial attorney included: (1) failing to conduct an independent investigation, (2) failing to impeach Manuel Rivera's identification of Montez as his attacker with Rivera's prior inconsistent statements and memory problems, (3) failing to object to inadmissible hearsay testimony, (4) failing to object to the State's withdrawal of the plea agreement, and (5) failing to object to the trial court's erroneous jury charge.[13]  The Magistrate Judge applied the two-pronged test set out by the Supreme Court in *Strickland v. Washington*, which requires convicted defendants to show (1) that counsel's performance was deficient, and (2) that counsel's errors were so serious that they deprived the defendant of a fair trial.  *See Strickland*, 466 U.S. at 687.

*1.     Independent investigation*

Montez alleged that his trial attorney, Lawrence Greenwood, rendered ineffective assistance by failing to conduct an independent investigation.[14]  Specifically, Montez claimed that Greenwood failed to locate and interview additional witnesses who were present the night of the attack, including Gloria Garcia (Rivera's girlfriend), Sandra Garza (Montez's girlfriend), and one of the EMS workers who responded to the scene.[15]  The Magistrate Judge concluded that there was no indication that the

---

[12]*Id*.

[13]*Id*. at 13–22.

[14]*Id*. at 13.

[15]*Id*.  at 13–14.

testimony of the second EMS worker would have changed the outcome of the trial.[16]  Additionally, because both Garcia and Garza testified at the trial, the Magistrate Judge determined that "the failure to interview them before trial [was] irrelevant."[17]  Therefore, the Magistrate Judge found that Montez failed to show how additional investigation by Greenwood would have made a difference at trial.[18]

2.    *Impeachment of Manuel Rivera's testimony*

Next, Montez asserted that Greenwood rendered ineffective assistance by failing to use Manuel Rivera's inconsistent statements and memory problems to impeach his identification of the Petitioner as his assailant.[19]  Relying on the trial transcripts, the Magistrate Judge found that "Greenwood made multiple efforts to cross-examine Rivera about his prior inconsistent statements . . . [and] emphasized [these] inconsistences in his final argument to the jury."[20]  Therefore, the Magistrate found that Greenwood's performance was not deficient in this respect.

3.    *Inadmissible hearsay*

Montez claims that Greenwood failed to object when Margie Casias testified that a friend, who was deceased at the time of the trial, told her that Rivera's assailant looked like Montez.[21]  The state habeas court found, and the Respondent argues, that this statement was more than likely

---

[16]*Id*. at 14.

[17]*Id.*

[18]*Id.*

[19]*Id*. at 15.

[20]*Id*. at 17.

[21]*Id.*

admissible as a present sense impression.[22]  Further, the Magistrate Judge noted that it was defense counsel that elicited this information during the cross-examination of Casias.[23]  On this basis, the Magistrate concluded "that the bolstering identification testimony elicited by defense counsel constituted defective performance."[24]  However, the Magistrate found that the Petitioner failed to show that this error caused him actual prejudice.

4.    *State's withdrawal of plea agreement*

Petitioner alleged that his trial attorney failed to object when the State withdrew its plea offer after the deadlocked jury finally reached a verdict.[25]  The Magistrate found that the State is entitled to withdraw a plea offer until the offer is approved by the court.[26]  Therefore, there was no error for Greenwood to object to.

5.    *Erroneous jury charge*

Finally, Montez alleges that Greenwood rendered ineffective assistance by failing to object to the trial court's erroneous jury charge.  Specifically, Montez argued that his indictment stated that he caused bodily injury to Manuel Rivera by "Striking *and* kicking" him, while the jury charge only required a finding that bodily injury was caused by "Striking *or* kicking."[27]  The Magistrate Judge found that Texas law allowed the jury to find Montez guilty for striking *or* kicking Rivera, even

---

[22]*Id*. at 18.

[23]*Id*.

[24]*Id*. at 19.

[25]*Id*. at 20.

[26]*Id*.

[27]*Id*. at 21 (emphasis added).

though the indictment expressed the terms in the conjunctive.[28]

## C.  Montez's claim for denial of due process during plea bargaining

Montez claims that the trial court erred by failing to accept the plea bargain offered by the State before the jury reached a verdict.[29]  The Magistrate found that there is no constitutional right to a plea bargain, and once the State withdraws an offer, the court may not enforce it.[30]  Further, the Magistrate found that "a plea bargain standing alone is without constitutional significance; in itself, it is a mere executory agreement, which until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest."[31]

Based on these findings, the Magistrate denied Montez's federal habeas petition.

## Petitioner's Objections

Petitioner objects to the Magistrate Judge's finding that he failed to show cause and prejudice to overcome the procedural bar in respect to his claims that there was insufficient evidence, he was denied the right to cross-examine Manual Rivera, and that the court issued an erroneous jury charge.[32]  Specifically, Petitioner asserts that ineffective trial and appellate counsel as well as government interference provide him with cause to overcome the procedural bar.[33]  Petitioner also

--------

[28]*Id*. at 21–22.

[29]*Id*. at 22.

[30]*Id*. at 24.

[31]*Id*. (citing *Mabry v. Johnson*, 467 U.S. 504, 507–508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), *abrogated on other grounds by Puckett v. United States*, -- U.S. ---, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009)).

[32]Pet'r's Objections at 2–9.

[33]*Id.*

asks this court to review the merits of these three claims for federal habeas.[34]  It is not clear whether Montez also objects to the Magistrate's finding that a procedural bar exists, or whether he only objects to the finding that there was no cause.  However, this Court will discuss objections to both the procedural bar and the showing of cause in its analysis.

Petitioner also objects to the Magistrate Judge's finding that his trial attorney's performance passed constitutional muster.[35]  Montez maintains that trial counsel rendered ineffective services by: (1) failing to conduct an independent investigation, (2) failing to impeach Manuel Rivera, (3) failing to object to inadmissible hearsay, (4) failing to render effective assistance during plea negotiations, and (5) failing to object to the trial court's erroneous jury charge.

Montez objects to the Magistrate Judge's finding that he was not denied due process during plea negotiations with the prosecution.[36]  Specifically, Montez asserts that the State breached its promise by withdrawing the plea offer and that the trial judge was compelled to accept the agreement once Montez decided to withdraw his not guilty plea.

Finally, Petitioner objects to the Magistrate's recommendation that a certificate of appealability (COA) be denied.[37]

### Standard of Review

In reviewing the Magistrate Judge's Memorandum and Recommendation, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has

---

[34]*Id.* at 10–15.

[35]*Id.* at 15–25.

[36]*Id.* at 26.

[37]*Id.* at 27–29.

specifically objected. 28 U.S.C. § 636(b)(1).  Such a review means that the Court will examine the entire record with regard to that portion and will make an independent assessment of the law.  As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.  *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

## Analysis

### A.  Insufficient evidence, right to cross-examine, erroneous jury charge

*1.  Procedural bar*

Petitioner objects to the Magistrate Judge's determination that he failed to show cause and prejudice to overcome the procedural bar on his claims that there was insufficient evidence, that he was denied the right to cross-examine Manuel Rivera, and that the trial court issued an erroneous jury charge.

Procedural default occurs where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred. *Coleman v. Thompson,* 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  In either instance, the petitioner is deemed to have forfeited his federal habeas claim. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  Procedural defaults only bar federal habeas review when the state procedural rule that forms the basis for the procedural default was "firmly established and regularly followed" at the time it was applied to preclude state judicial

review of the merits of a federal constitutional claim. *Ford v. Georgia,* 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

The Fifth Circuit has recognized the Texas Court of Criminal Appeals's rule that "record based claims not raised on direct appeal will not be recognized in habeas proceedings" as "an adequate state ground capable of barring habeas review." *Dorsey v. Quarterman,* 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner,* 959 S.W.2d 189, 191 (Tex. Crim. App. 1996) (finding that failure to raise an issue on direct appeal bars consideration of that issue under habeas corpus proceedings)). Under Texas law, it is a "firmly established and regularly followed" rule that when a state habeas court rejects a claim as procedurally barred, that claim is also barred from federal habeas review. *See id.* at 533; *Brewer v. Quarterman,* 466 F.3d 344, 347 (5th Cir. 2006) ("In this case, the state habeas court explicitly found both that 'because the Applicant should have, but failed, to raise this issue on direct appeal, he is procedurally barred from raising the issue by way of habeas corpus"). Further, Texas law provides that challenges to the sufficiency of evidence must be raised on direct appeal and not in a habeas proceeding. *Clark v. State,* 788 F.2d 309, 310 (5th Cir. 1986).

In his direct appeal, the Petitioner challenged his conviction alleging that: (1) the evidence was factually insufficient to support his conviction, (2) the trial court erred in forcing the jury to continue deliberating despite it being deadlocked, and (3) the trial court erred in failing to enforce the plea bargain. However, in his state and federal habeas petitions, Montez raised the following issues: (1) there was insufficient evidence to support his conviction, (2) he was denied his right to confront Manuel Rivera, (3) the court gave an erroneous jury charge, (4) trial counsel was ineffective, and (5) he was denied due process during plea bargaining. In reviewing habeas petitions, federal courts examine the legal sufficiency of the evidence underlying the conviction. *Jackson,*443

11

U.S. at 317–18.  Texas law distinguishes between challenges to the factual sufficiency of evidence and the legal sufficiency of evidence.  *Clewis v. State*, 922 S.W.2d 126, 132–33 (Tex. Crim. App. 1996).  Montez did not challenge the legal sufficiency of the evidence in support of his conviction until he filed his state habeas petition.  In his direct appeal, he only challenged the factual sufficiency.  *Montez*, 2007 WL 2608528 at *1.  Because the Texas Court of Criminal Appeals, the highest state court with criminal jurisdiction, never evaluated a claim that the legal sufficiency of the evidence was inadequate to support Petitioner's conviction, Montez failed to exhaust all available state remedies.

"[T]he state habeas court determined that all of Montez's [state] habeas claims, other than his claim of ineffective assistance of counsel, either were or could have been raised on [direct] appeal, and held that Montez was precluded from raising those claims in a state habeas petition."[38] Petitioner did not raise these claims in his direct appeal, therefore he is procedurally barred from raising them in a federal habeas petition.

2.    *Overcoming the procedural bar*

Petitioner also alleges that he should be excused from any procedural default because he is able to show cause and prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (inner citations omitted) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto.'").  First, Montez claims that "some objective external" factor impeded his ability to comply with the procedural rule.  *See id*. at 753.  Specifically, Montez argues that various state employees, including the Bexar County District

---

[38]Mem. & Recommendation at 9.

Attorney, the Bexar County Court Clerk, the Bexar County Court Coordinator, and the state trial court judge impeded his ability to comply with the state procedural rules by failing to notify him that a potential procedural default existed when he filed his state habeas petition.[39]  According to the Petitioner, "if the fact [that] a procedural default loomed then surely the state would have jumped on the error and addressed the issue at its first opportunity to do so."[40]

Petitioner appears to be under the impression that the state prosecutor and state court employees are obligated to notify him about procedural problems concerning his state habeas petition.  This is obviously not the case, as it is Petitioner's responsibility to ensure that he follows the appropriate procedural requirements.  Petitioner also alleges that the court never provided him with a copy of Greenwood's affidavit, but nothing in the record indicates that he did not have access to this document.  Petitioner has therefore failed to allege that governmental interference impeded his ability to comply with Texas procedural rules.

Montez also alleges that cause exists because his appellate attorney failed to challenge the legal sufficiency of the evidence on direct appeal.  The procedural default rule applies to ineffective counsel claims that are used to establish cause for a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).  Therefore, because Montez failed to raise this claim in state court, he is procedurally barred from raising it in a federal habeas petition to establish cause.

For these reasons, this Court finds that Montez failed to establish cause and prejudice, and he is procedurally barred from challenging the legal sufficiency of the evidence in support of his

---

[39]Pet'r's Objection at 4.

[40]*Id.*

conviction in a federal habeas motion.

3.     *Merits of Petitioner's claims*

Even if Montez overcame the procedural bar, and these first three claims were decided on the merits, his federal habeas petition would fail.  First, Petitioner claims that there was insufficient evidence to support his conviction.  Montez argues that under Texas law, two witnesses are required before a defendant can be convicted of a felony, and he cites to article 38.17 of the Texas Code of Criminal Procedure.  Petitioner's interpretation of this rule is incorrect, as the rule states that: "In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction."  TEX. CODE CRIM. PROC. ANN. art. 38.17 (West 2005).  Under the Texas Penal Code, a defendant commits aggravated robbery of an elderly person if he or she causes bodily injury to, or threatens, or places in fear of imminent bodily injury or death  a person aged 65 years or older.  TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2003).  This statute does not require two witnesses to authorize a conviction, therefore Petitioner's argument concerning the two-witness requirement fails.

The record indicates that the victim, Manuel Rivera, identified the Petitioner as his assailant and testified to this at trial.  Gloria Garcia testified that Montez left the bar immediately after the attack.  Additionally, Margarita Casias, the owner of the bar, testified that she saw Montez outside of the bar shortly before the attack occurred.  Based on all of the evidence in the record, this Court finds that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" as required by *Jackson v. Virginia*.  *Jackson*, 443 U.S. at 319.  The jury heard evidence from both sides and chose to place more weight on the prosecution's witnesses.

14

Next, there is no evidence that Montez's attorney was unable to cross-examine Manuel Rivera during the trial.  Montez argues that the trial court abused its discretion when it told the defense to "move on" and that the court should have allowed the defense to continue questioning Rivera about his misidentification of Petitioner as his assailant.  The following is an excerpt from Greenwood's cross-examination of Manuel Rivera during the trial:

| | |
|---|---|
| Greenwood: | In your statement did you ever say that Mr. Montez is the person who assaulted you? |
| Rivera: | In the statement right now, yes, sir, talking over that statement. |
| Greenwood: | Did you ever have the word assault in your statement at all? |
| Rivera: | Yeah, he did it.  I saw him myself. |
| | . . . . |
| Greenwood: | Okay.  Look at your statement and read the part that it says, he is the person who assaulted you. |
| Rivera: | Yeah. |
| Greenwood: | Okay.  Do you see the word assault in there? |
| Rivera: | Huh? |
| Greenwood: | Do you see the word assault? |
| Rivera: | I say why the guy that hit me.  Right here.  (Indicating.) |
| | . . . . |
| Greenwood: | All right.  For the jury, read the last three lines of your statement. |
| Rivera: | It's over here, and you can read it. |
| Greenwood: | Okay.  Can you read it to the jury? |
| Rivera: | It's over here.  Everything's here. |
| | . . . . |
| Greenwood: | Okay.  Do you remember telling the police you were assaulted by two people? |
| Rivera: | That who? |
| Greenwood: | That you told the police you were assaulted by two people. |
| Rivera: | No. |
| | . . . . |
| Greenwood: | Do you remember telling the police you were grabbed from behind and you didn't know who it was? |
| Rivera: | No, I didn't say that.  When I got, I turn [sic] around and I saw who did it. |

*See* Trial Tr. vol.3, 107–39, June 1, 2006.  The defense had ample opportunity to confront Rivera with his inconsistent statements and was able to present these inconsistences to jury.  Just because

the witness did not admit to making the statements does not mean that Petitioner was denied his right to cross-examine the witness.  Greenwood did everything he could do to elicit these statements and get Rivera to admit to his memory problems on cross-examination and stressed the alleged misidentification to the jury.  Therefore, Montez's claim that he was denied the ability to cross-examine Rivera also fails.

Finally, Montez's claim that the trial court gave an erroneous jury charge also fails on the merits.  Montez asserts that his indictment charged him with causing bodily injury by striking *and* kicking Manuel Rivera and that the trial judge reduced the prosecution's burden of proof by telling the jury Montez could be found guilty for striking *or* kicking Rivera.  This argument fails because Texas law provides that "although [an] indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive."  *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).  Therefore, this claim fails on the merits.

Based on the above reasons, Petitioner's first three claims fail on the merits.

## B.  Ineffective counsel

In bringing a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.  *Strickland*, 466 U.S. at 687.  In showing the first prong, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness.  Judicial scrutiny of counsel's performance on this prong must be highly deferential and recognize that "strategic choices . . . are virtually unchallengeable."  *Id.* at 689, 691.  On the second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

In showing this, a defendant need not prove that counsel's deficient performance more likely than not changed the outcome in the case, but only a probability that undermines confidence in the outcome of the case. *Id.* at 693, 694.

1.    *Independent investigation*

Montez first asserts that his trial attorney, Lawrence Greenwood, failed to conduct an independent investigation.   Specifically, Montez alleges that Greenwood rendered ineffective assistance because only one of the two EMS workers who were on the scene testified at trial. Counsel has a duty to conduct a reasonable investigation of a defendant's case or make a reasonable decision that a particular investigation is unnecessary.   *Id*. at 691.   However, in order to succeed on an ineffective counsel claim, the Petitioner "must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).   The Petitioner has failed to indicate what additional facts the second EMS worker would have revealed and how these facts would have changed the outcome of the trial. In the Petitioner's own words: "[N]o ones [sic] to say what the EMS technician testimony might have developed to the facts."[41]

The Petitioner also claims that Greenwood rendered ineffective assistance by not interviewing Petitioner's girlfriend, Sandra Garza, before the trial.   This claim fails because Garza testified at Montez's trial, and contrary to Montez's claims, Greenwood was able to elicit the exculpatory statements during Garza's testimony:

> Greenwood:    Now, during that time, say somewhere close to say 1:30 or 12:30, were you and Mr. Montez outside together?
> Garza:         Outside, no.

---

[41]*Id.* at 18.

| | |
|---|---|
| Greenwood: | Outside the bar? |
| Garza: | No. |
| Greenwood: | Arguing? |
| Garza: | No.  No. |
| Greenwood: | Sometime closer to 1:30 or so did Mr. Montez leave the bar? |
| Garza: | Right. |
| Greenwood: | Do you know why? |
| Garza: | He ran out of cigarettes, and I kept a pack on the door panel.  I just made a habit of carrying an extra pack for him. |
| | . . . . |
| Greenwood: | And did Mr. Montez come back in? |
| Garza: | Yes. |
| | . . . . |
| Greenwood: | Did he leave any other times before you all left for the evening? |
| Garza: | No.  Well, other than the time that somebody came in screaming, or something that was - - |
| Greenwood: | What were they screaming? |
| Garza: | Something happened to somebody outside . . . |
| | . . . . |
| Greenwood: | Now when he left to get the cigarettes, the time - - how long was he gone? |
| Garza: | I'd say like two minutes, three minutes. |
| Greenwood: | When he came back in, did - - was he acting funny, or appear to be disheveled?  Do you know what I mean by that? |
| Garza: | Yeah, I know exactly what that means.  No. |

Trial Tr. vol.3, 275–77.  In the above testimony, Garza testifies that Montez was not in the bar parking lot during the attack on Rivera and that Montez only went outside briefly to get cigarettes out of Garza's truck.  The jury heard this testimony, but chose to believe the prosecutor's evidence and convicted Montez.  Montez has not shown how the failure to interview Garza before the trial undermines the confidence in the outcome of the case.

Montez denies that he told Greenwood not to interview Manuel Rivera's girlfriend, Gloria Garcia, before the trial.  Again, even if this were true, Gloria Garcia testified at the trial and Montez has not shown how the failure to interview her affected the outcome of his case.  This also applies to the Petitioner's claim that Greenwood failed to track down all of the witnesses who were at the

18

bar on the night of the robbery.  Montez has failed to assert what evidence these alleged witnesses would have revealed and how it may have changed the outcome of his case.  *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) ("This Court has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative.").

This Court must ignore the "distorting effects of hindsight" in determining whether counsel's performance fell below an objective standard of reasonableness.  *Miller*, 420 F.3d at 361 (internal quotation marks and citation omitted).  In his affidavit, Greenwood asserts that the available statements made to the police on the night of the incident were not favorable to the defense and that he appointed a private investigator, who interview Garza, Garcia, and the EMS worker.  The Fifth Circuit has stated that a "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  *Id.*  (internal quotation marks and citation omitted).  For these reasons, Petitioner's claim that his trial attorney failed to conduct an independent investigation fails.

2.      *Impeachment of Manuel Rivera's testimony*

Next, the Petitioner claims that Greenwood rendered ineffective assistance by failing to impeach Rivera's inconsistent statements.  As explained earlier, Greenwood cross-examined Rivera and stressed the inconsistencies of Rivera's identification of Montez as his assailant.  Greenwood pointed out for the jury that Rivera did not identify Montez as his assailant until two months after the attack.  Greenwood's cross-examination also informed the jury that Rivera initially stated that

two men attacked him.  Additionally, Greenwood elicited testimony as to Rivera's memory problems and the fact that he was taking various medications.  Montez claims that Greenwood "shirked his duties to further develope [sic] this issue by refusing to review Rivera's medical records that had specifically been subpoenaed for trial."[42]  If this were true, it constitutes trial strategy, and as stated before, this Court will give great deference to counsel's reasonable professional judgment.  Therefore, Montez's assertion that Greenwood failed to impeach Rivera's inconsistent statements fails.

### 3.    Inadmissible hearsay

The Petitioner also alleges that his attorney rendered ineffective assistance when he failed to object to inadmissible hearsay testimony.  During the defense's cross-examination of Margie Casias, the owner of the bar where Rivera was attacked, Casias testified that her friend Roy, who was deceased at the time of the trial, told her that Rivera's assailant looked like Montez.  Montez argues that this testimony was hearsay and that Greenwood failed to object to this testimony.

Rule 803(1) of the Texas Rules of Evidence excludes present sense impressions from the general prohibition against hearsay.  TEX. R. EVID. 803(1).  The rule defines a present sense impression as a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."  *Id*.  According to Casias's testimony, Roy made this statement soon after Rivera's assault, therefore the statement was more than likely admissible.  Additionally, Greenwood's co-counsel, Kenton Longacre, elicited this testimony from Casias and it appears from the record that Longacre elicited this testimony for the purpose of attacking the credibility of Roy's identification of Montez as the assailant.  *See* Trial Tr.

---

[42]*Id.* at 32.

20

vol. 3, 175–76.  The Magistrate Judge concluded that this constituted defective performance.[43]  The Court is not inclined to declare that this constituted defective performance, finding that the defense did not err in eliciting this testimony because it appears that eliciting this information from Casias was part of the defense's trial strategy.  Even assuming that Greenwood's failure to object to Longacre's elicitation of bolstering identification testimony was error, Montez has nonetheless failed to establish prejudice.  Montez alleges that "there is a reasonable probability that with the admission of the hearsay testimony, counsel's deficient conduct more than likely altered the outcome of the trial."[44]  This assertion is unfounded and purely speculative and is contradicted by the strong inculpatory evidence adduced at trial.  Rivera testified that he recognized Montez as his assailant and maintained his position throughout extensive cross-examination by the defense.  When presented with a photo line-up, Rivera identified Montez as his attacker.  In light of this inculpatory evidence, there is no reasonable probability that but for counsel's failure to object to Casias's statements, the outcome of the trial would have been different.

4.      *State's withdrawal of plea agreement*

        The Petitioner next contends that his attorney failed to render effective assistance during the plea bargaining process.  When the jury announced that it was deadlocked, the State offered Montez a sentence of ten years deferred adjudication in exchange for a plea of guilty.  It took a long time to convince Montez to accept the plea, but when he finally did accept the plea, the jury returned with a verdict.  At this point the State withdrew its plea, and the jury convicted Montez of aggravated robbery.  Montez asserts that his attorney had a duty to ask the court to discharge the jury and failed

---

[43]Mem. & Recommendation at 19.

[44]Pet'r's Objection at 21.

to do so.  Petitioner cites to Article 36.31 of the Texas Code of Criminal Procedure in support of this argument. This rule states that:

> After the cause has been submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree.

Tex. Code Crim. Proc. Ann. art. 38.17.  Even if Greenwood had requested that the jury be discharged, the request could not be granted unless the State consented.  *Id*.  "Once the trial judge has taken the case under advisement or pronounced judgment or after the jury has retired, the withdrawal of the plea is within the sound discretion of the court."  *Montez*, 2007 WL 2608528 at *4.  Petitioner was not entitled to withdraw his "not guilty" plea as a matter of right.  Montez has failed to show that had Greenwood requested the jury to be discharged, the State would have given its consent to discharge the jury or the trial judge would have used his discretion to discharge the jury.

Further, a plea bargain is not enforceable until it has been approved by the trial judge.  *See United States v. Molina-Iguado*, 894 F.2d 1452, 1456 (5th Cir. 1990) ("[N]either party contemplates any benefit from the agreement unless and until the trial judge approves the bargain and accepts the guilty plea.").  There is nothing Greenwood could have done to force the trial court to accept the plea bargain; therefore, Montez's claim on this issue fails.

5.     *Erroneous jury charge*

Finally, Montez claims that Greenwood failed to object to the court's jury charge that he could be found guilty of causing bodily harm by kicking *or* striking Rivera even though Montez's indictment charged him with kicking *and* striking Rivera.  As explained previously, Texas law

22

provides that a trial court may announce the charges to the jury in the disjunctive even though the announcement lists the charges in the conjunctive. *Kitchens*, 823 S.W.2d at 258. Therefore, Petitioner's claim fails.

## C.  Due process during plea negotiations

Montez alleges that his due process rights were violated when the trial court failed to accept the plea bargain that had been negotiated. Montez contends that had his attorney asked the court to dismiss the jury once the plea negotiations began, he would never have been found guilty. As mentioned previously, dismissing the jury once deliberations have begun is not a decision to be made unilaterally by defense counsel. Once deliberations begin, the jury can only be discharged with the consent of both parties or in the trial judge's discretion. TEX. CODE CRIM. PROC. ANN. art. 38.17.

Montez also claims that the State breached its promise when it withdrew the plea offer after the jury returned with a verdict. "The Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty." *Molina-Iguado*, 894 F.2d at 1456 (citing *Mabry v. Johnson*, 467 U.S. 504, 507– 08, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984)). Further, there is no constitutional right to a plea bargain and "a court may reject a plea in exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). Therefore, "[n]either party is justified in relying substantially on the bargain until the trial court approves it. . . . [E]ither party should be entitled to modify its position and even withdraw its consent to bargain until the plea is tendered and . . . accepted by the court." *United States v. Aguilera*, 654 F.2d 352, 353–54 (5th Cir. Unit B Aug. 1981).

In this case, the trial court never accepted the plea offer, and it was within the judge's

23

discretion to accept the jury's verdict.  Montez argues that his due process rights were violated, but there is no constitutional right to have a plea agreement enforced if it has not been approved by the court.  Therefore, Montez's due process claim fails.

**D.  Certificate of appealability**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA").  *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson,* 114 F.3d 43, 45 (5th Cir. 1997) (holding the standard for obtaining a CoA is the same as for a CPC).  The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA. *Robison v. Johnson,* 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied,* 526 U.S. 1100, 119 S.Ct. 1578, 143 L.Ed.2d 673 (1999).

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA.  *Miller-El v. Johnson*, 537 U.S. 322, 335–36, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); 28 U.S.C. § 2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *Crutcher*, 301 F.3d 656, 658 n.10 (5th Cir. 2002).  In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Id*.

A CoA will not be granted unless the petitioner makes a substantial showing of the denial

of a constitutional right. *Tennard v. Dretke,* 542 U.S. 274, 282, 124 S.Ct. 2562, 2569, 159 L.Ed.2d

384 (2004). To make such a showing, the petitioner need *not* show he will prevail on the merits but,

rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the

petition should have been resolved in a different manner or that the issues presented are adequate

to deserve encouragement to proceed further. *Id*. This Court is authorized to address the propriety

of granting a CoA *sua sponte*. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner

in which a district court has disposed of a claim. "[W]here a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Miller-El v. Johnson,* 537 U.S. at 338 (quoting *Slack*, 529

U.S. at 484); *accord Tennard,* 542 U.S. at 282. In a case in which the petitioner wishes to challenge

on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as

procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right

*and* whether this Court was correct in its procedural ruling. *See Slack,* 529 U.S. at 484 (holding

when a district court denies a habeas claim on procedural grounds, without reaching the underlying

constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would

find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and

(2) the district court's procedural ruling was correct).

Viewed in context, there is not a basis for disagreement among jurists of reason with regard

to this Court's disposition of any of Montez's claims. Petitioner's complaints concerning the

25

sufficiency of the evidence, his right to cross-examine witnesses, and the erroneous jury charge were procedurally barred because he failed to raise these issues in his direct appeal. Montez also failed to show cause and prejudice to overcome the procedural bar. Additionally, these claims were factually inaccurate and failed on the merits. The trial records indicate that Montez's trial attorney thoroughly cross-examined Rivera. During his testimony, Rivera unequivocally identified Montez as his attacker. The jury charge was not erroneous because Texas law provides that judges may list charges to the jury in the disjunctive even though the indictment lists them in the conjunctive.

Montez's complaints about the performance of his trial counsel are premised upon either erroneous factual assumptions or invalid legal theories. There were no arguable legal or factual bases for any of the errors Montez complains his trial counsel made during the trial. All of Petitioner's ineffective counsel claims were either factually inaccurate or a matter of trial strategy. Accordingly, none of Montez's ineffective assistance claims satisfy either prong of *Strickland*. Montez was not denied due process during plea bargaining because the agreement was never accepted by the trial judge. Reasonable minds could not disagree with any of the foregoing conclusions. For the reasons set forth at length above, Montez is not entitled to a Certificate of Appealability from this Court.

### Conclusion

For the foregoing reasons, the recommendation of the Magistrate Judge is ACCEPTED. The Petitioner was found guilty by a jury in state court and has presented no evidence as to why that conviction should be vacated. Petitioner's Petition for Writ of Habeas Corpus is DISMISSED and the certificate of appealability is DENIED.

It is so ORDERED.

SIGNED this 2nd day of August, 2010.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE